**In re F. Dale BURKE.**

Court of Appeals of Kentucky.

Nov. 1, 1957.

Dan Jack Combs, Pikeville, for appellant.

PER CURIAM.

Master Sergeant Lloyd W. Stanley of the U. S. Army filed complaint against respondent, F. Dale Burke, a member of the Pike County Bar, with the Commissioners of the Kentucky State Bar Association. He charged Mr. Burke with unprofessional conduct in that he had accepted a fee in connection with a divorce action which complainant had filed against his wife and concerning which respondent had rendered little service and had refused to answer all letters written to him in connection with the divorce proceedings.

The Bar Association appointed a trial committee of two members who filed a report which reads in part:

"A deposition of the Complainant was taken in the case on December 3, 1955. Shortly thereafter the Complainant was ordered overseas. The divorce action has not been terminated and since that time the Complainant's wife has continued to draw an allotment from the salary of Complainant.

"From the complaint and the record it appears that the following letters were written to Respondent in 1956: January 20, March 8, April 23, June 14, November 27, December 18; In 1957, April 16 and May 20.

"In addition to the letters a duly verified complaint was filed against the Respondent on March 20, 1957, and mailed to the Respondent with a notice that his response. would be due on or by May 10, 1957.

"From the record it appears that the Respondent has neither answered nor acknowledged receipt of any of the letters nor has he responded to the complaint filed herein as required by the Rules of the Court of Appeals."

The Trial Commissioners recommended that respondent be adjudged guilty and be suspended from practice of law until such time as the case of Lloyd W. Stanley v. Alta Stanley, then pending in the Pike Circuit Court, be prosecuted to final judgment.

At a regular meeting of the Board of Bar Commissioners of the Kentucky State Bar Association, it was unanimously voted and ordered that the report of the Trial Committee be filed with this Court with recommendations that respondent be suspended from the practice of law until the divorce case be finally determined.

This Court issued a rule requiring Mr. Burke to show cause why the recommendation of the Board should not be enforced. Mr. Burke filed a response to the rule together with copies of the report of the Master Commissioner in the divorce case and of the judgment entered by the Pike Circuit Court which disclosed that the divorce proceedings had been terminated.

The recommendation to us suggested only that we suspend Mr. Burke until such time as the divorce proceedings were terminated. Since the divorce proceedings were determined before this Court acted upon the question of whether Mr. Burke should be suspended, the penalty suggested by them would be impossible to inflict. However, under RCA 3.430, the recommendation of the Bar Commissioners "shall be advisory only, and not binding upon the Court."

We are of opinion that the conduct of respondent was reprehensible and if it were not for some mitigating circumstance suggested by the response, it would serve as ground for severe disciplinary action.

The respondent is therefore reprimanded by this Court. It is adjudged that respondent pay all costs incurred by the Board of Bar Commissioners and this Court in connection with the matter here involved. The rule is made absolute.